UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN SILVERBERG and JENNIFER CONOLEY, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV00519 ERW |
| H&R BLOCK, INC., and H&R BLOCK FINANCIAL ADVISORS, INC., | ) ) ) ) | |
| Defendants. | ) | |
| VANESSA RODRIGUEZ, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV00554 AGF |
| H&R BLOCK, INC., and H&R BLOCK FINANCIAL ADVISORS, INC., | ) ) ) ) | |
| Defendants. | ) | |
| DEBRA KESSLER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV00616 ERW |
| H&R BLOCK, INC., and H&R BLOCK FINANCIAL ADVISORS, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Consolidate H&R Consumer Cases

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and for Entry of Case Management Order No. 1 [Case No. 4:06CV00519ERW, doc. #7] and Defendants' Motion to Transfer Venue and Postpone Date to Answer or Otherwise Plead [Case No. 4:06CV00519, doc. #11; Case No. 4:06CV00616ERW, doc. #6; Case No. 4:06CV00554AGF, doc. #10]. The Court heard arguments on the Motions during a hearing which took place on May 5, 2006.

**I.     BACKGROUND**

The three above-styled cases are substantially similar consumer class actions against H&R Block, Inc. and H&R Block Financial Advisors, Inc. (collectively, "Defendants") concerning Defendants' marketing and sales of Express Individual Retirement Accounts to clients. The claims arise from Defendants' allegedly deceptive advertising of their product, their failure to disclose certain fees associated with their product, and their failure to disclose incentives they allegedly received to sell their product. Plaintiffs allege that Defendants violated Missouri's Merchandising Practices Act, breached their fiduciary duties to Plaintiffs, were unjustly enriched, and are liable for negligent misrepresentation. In their Motion to Consolidate, Plaintiffs request that the Court consolidate the three above-styled cases, appoint certain law firms as lead counsel, and establish certain procedures for filing papers with the Court. Defendants argue that the Court should defer ruling on issues of the appointment of lead counsel and case management until after their Motion to Transfer Venue has been decided. In their Motion to Transfer Venue, Defendants request that the Court transfer this action to the United States District Court for the Western District of Missouri, Western Division, where the case could have originally been brought. Plaintiffs argue that Defendants have failed to meet their burden of proving that transfer is warranted.

**II.     STANDARDS**

    A.     <u>Consolidation</u>

Pursuant to Federal Rule of Civil Procedure 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

      B.      <u>Transfer Venue</u>

28 U.S.C. § 1404(a) governs motions to transfer venue. Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In making a determination regarding whether transfer is warranted, a court will consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the interests of justice, a court may consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local questions of local law." *Id*. at 696. Because courts generally give deference to a plaintiff's choice of forum, a party seeking transfer typically bears the burden of proving that transfer is warranted. *Id*. at 695; *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp.2d 1015, 1023 (E.D. Mo. 2002).

## III.    DISCUSSION

      A.      <u>Motion to Consolidate</u>

Because the three above-styled cases do present common questions of law and fact, consolidation is warranted. The actions here are substantially similar because they name the same Defendants, contain nearly identical factual allegations and legal claims, and are brought on behalf of the same class. Allowing the actions to proceed separately would create the risk of inconsistent rulings. Consolidation will promote efficiency and will not prejudice any party. Therefore, the Court will grant Plaintiffs' request that the


PDF created with FinePrint pdfFactory trial version www.pdffactory.com

above-styled actions be consolidated.[1]

B. <u>Motion to Transfer</u>

Defendants bear the burden of demonstrating that transfer is warranted. As a threshold matter, the Court considers whether venue is proper in the United States District Court for the Western District of Missouri ("Western District"). *See* 28 U.S.C. § 1404(a). Venue is proper in a judicial district where any defendant resides or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391. According to Defendants, this action originally could have been brought in the Western District because H&R Block, Inc. is incorporated under the laws of the state of Missouri and maintains its principal place of business in Kansas City, Missouri, which is located in the Western District. Defendants also state that a significant part of the alleged acts or omissions giving rise to Plaintiffs' claims are alleged to have involved individuals located in Kansas City, Missouri.[2] Plaintiffs do not dispute these facts. The Court finds that Defendants have demonstrated that this action originally could have been brought in the Western District, thereby meeting the threshold requirement of § 1404(a).

Next, the Court considers whether transfer is necessary for the convenience of the parties and witnesses. *See Terra Int'l., Inc.*, 119 F.3d at 691. First, with regard to the convenience of the witnesses, Defendants point out that their witnesses work at the H&R Block, Inc. headquarters in Kansas City and

---

[1]In their Motion to Consolidate, Plaintiffs also make requests regarding appointment of lead counsel and case management. As explained in Part B, below, the Court has determined that this matter will be transferred to the Western District of Missouri. Therefore, Plaintiffs' Motion to Consolidate will be granted only in part, with the requests regarding appointment of lead counsel and case management being denied.

[2]Defendants state that "serious questions exist regarding whether personal jurisdiction over [H&R Block Financial Advisors, Inc.] can be established in the Eastern District of Missouri." Defs.' Mem. in Supp. at 3. However, as Defendants point out, the Court need not reach this issue on a motion to transfer venue. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that the documents relevant to the claims and defenses at issue in this case are located in Kansas City.[3] As Plaintiffs point out, there is no indication, however, that these witnesses would be unwilling to travel to this District for trial.[4] Second, with regard to the convenience of the parties, Defendants present evidence that it would be more convenient for them to litigate this matter in the Western District of Missouri due to the headquarters of H&R Block, Inc. being located in Kansas City.[5] Moreover, because there is no evidence that the class representatives, or even a majority of the class, reside in the Eastern District of Missouri, Plaintiffs have not persuasively demonstrated that litigating in the Eastern District of Missouri would be any more convenient than litigating in the Western District of Missouri.[6] From the

---

[3]Plaintiffs argue that Defendants have not sufficiently identified witnesses and their expected testimony. The Court finds that, at this stage of the litigation, Defendants' evidence regarding expected witness testimony is sufficient to permit the Court to make a determination regarding whether transfer is warranted.

[4]Plaintiffs make no clear showing themselves regarding the location of their own witnesses. In their briefing before this Court, Plaintiffs made no argument and presented no evidence with regard to expected witnesses. However, at the hearing on this matter, Plaintiffs discussed their intention to call witnesses from H&R Block stores located in this District, and submitted a newspaper article as evidence in support of their assertion. Defendants object to the Court's consideration of this evidence. Even if the Court were to consider Plaintiffs' evidence regarding witnesses, it is unpersuasive. There is no showing that these witnesses could not travel to the Western District and, at most, such evidence would tend to show that the convenience of the witnesses factor is evenly balanced between the parties. In any event, as explained below, the interest of justice factor weighs heavily in favor of transfer and any argument regarding the location of Plaintiffs' witnesses does not overcome the strength of this factor.

[5]Plaintiffs state that Defendants maintain 155 offices in this District, making it no more convenient to litigate in the Western District than in this District. Defendants respond that many of these offices are independently-owned franchise locations. In any event, the fact remains that H&R Block, Inc.'s headquarters are in Kansas City.

[6]Plaintiffs appear to admit that they do not reside in this District. *See* Pls.' Mem. in Opp. at 7. It may in fact be more convenient for Plaintiffs' St. Louis-based counsel to litigate in the Eastern District of Missouri. However, "[t]he convenience of the plaintiff's counsel is not entitled to any weight in the analysis." *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000).

Moreover, while it is true that courts generally give considerable deference to a plaintiff's choice of forum, *see Terra Int'l., Inc.*, 119 F.3d at 695, many courts give a plaintiff's choice of forum

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

specific evidence provided by the parties, the Court finds that the convenience of the witnesses and parties weighs slightly in favor transferring this action to the Western District of Missouri.

Finally, the Court considers the interests of justice. *See Terra Int'l., Inc.*, 119 F.3d at 691. According to Defendants, transfer of this matter is in the interest of justice. Defendants argue that the conservation of judicial resources and efficiency weigh in favor of transfer because this matter mirrors eight class action lawsuits that have already been filed in the Western District, as well as suits recently filed in various other federal district courts. Defendants intend to request transfers in all of the cases not currently pending before the Western District in order to consolidate all of the suits into a single action in the Western District. Thus, Defendants contend that transfer of this action to the Western District of Missouri will greatly promote the efficient use of judicial resources by allowing the parties to consolidate identical claims and avoid piecemeal litigation regarding identical facts and issues. Defendants also contend that no factors mitigate against transfer in the interests of justice because transfer will create no impediments to either party's ability to enforce a judgment, both courts possess the same compelling interest in resolving local questions of local law, and transfer will not impose any obstacles to a fair trial or create conflict of law issues. Plaintiffs, on the other hand, argue that interests of justice weigh in favor of keeping this matter in this District because this District is substantially less congested than the Western District. Based on the evidence and arguments presented, the Court finds that the interests of justice weigh heavily in favor of transfer. Judicial economy will be greatly served by transferring this matter to the Western District.[7] *See*

---

less deference in the context of a class action suit. *See, e.g., Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (where there are hundreds of potential plaintiffs, claim of any one plaintiff that home forum is appropriate is "considerably weakened"). Here, the Court finds little reason to give undue weight to Plaintiffs' choice of forum.

[7]Plaintiffs suggest that they are entitled to limited discovery regarding the issue of venue. Because Plaintiffs have not alleged any factual issues or provided any other persuasive justification for such discovery, Plaintiffs' request is denied.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1166 (E.D. Mo. 1995) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Consolidate H&R Consumer Cases and for Entry of Case Management Order No. 1 [Case No. 4:06CV00519ERW, doc. #7] is **GRANTED**, in part. The three above-styled cases are **CONSOLIDATED**. Plaintiffs' requests regarding appointment of lead counsel and case management are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue and Postpone Date to Answer or Otherwise Plead [Case No. 4:06CV00519, doc. #11; Case No. 4:06CV00616ERW, doc. #6; Case No. 4:06CV00554AGF, doc. #10] is **GRANTED**. This matter is **TRANSFERRED**, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Missouri.

Dated this 12th day of May, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com